FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 23 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOHN R. DURSO, et al.,

        Plaintiffs,

-against-

BARSYL SUPERMARKETS INC. a/k/a
BARSYL SUPERMARKETS, INC.,

        Defendant.
----------------------------------------------------------x

11-CV-5544 (NG) (RML)

MEMORANDUM & ORDER

GERSHON, United States District Judge:

Pursuant to Rules 60(b)(6) and 12(b)(5) of the Federal Rules of Civil Procedure, defendant Barsyl Supermarkets Inc. ("Barsyl") moves this court to vacate a default judgment awarded to plaintiffs ("Trustees"). For the reasons set forth below, Barsyl's motion is denied and I adopt, in its entirety, the January 28, 2015 Report and Recommendation ("R&R") of Magistrate Judge Levy, including the amounts to be awarded to plaintiffs.

I.     **Procedural History**

Plaintiffs, employee benefit funds and the trustees of those funds, commenced this action on November 15, 2011 against Barsyl, a corporation operating a supermarket. Plaintiffs filed an amended complaint (the "Complaint") on March 7, 2012, and they subsequently served the Complaint on Barsyl by delivering a copy to Barsyl's general manager, Omar Rodriguez.[1] The Complaint advances claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* and requests an audit and unpaid contributions to the Trustees' funds.

---

[1] Barsyl's argument that it was not properly served is addressed below.

Barsyl did not respond to the Complaint. The Clerk entered Barsyl's default on April 10, 2012. I entered a default judgment on July 11, 2012, ordering that, should Barsyl fail to produce its books and records for inspection within 20 days, the Trustees were to submit a motion for damages based on the formulae in the relevant trust agreements. *See* Order, Dkt. No. 14. Barsyl did not produce its books and records, and the Trustees submitted a motion for damages on March 6, 2014. The Trustees sent copies of their motion for damages and a subsequent scheduling order issued by Magistrate Judge Robert M. Levy, to whom the motion had been referred, to Barsyl. Barsyl made no response. Judge Levy issued his R&R on January 28, 2015, recommending an award to plaintiffs of unpaid contributions, interest, liquidated damages, and attorney's fees and costs.

On February 10, 2015, Omar Rodriguez wrote the court, asking for an extension of time for Barsyl to obtain counsel and respond to the R&R. In an order dated February 18, 2015, I noted that the record showed that Mr. Rodriguez had known about this lawsuit from its outset and that the defendant had consulted with counsel, but I granted defendant two weeks to appear by counsel. *See* Order, Dkt. No. 24. On February 24, 2015, defendant appeared through counsel, requested leave to file a motion to vacate the default entered, and moved for an extension of time to respond to the R&R. On April 21, 2015, I ordered that any motion to vacate should be filed by May 7, 2015 and that any objections to Judge Levy's R&R were also to be filed by that date.

Barsyl moved to vacate the default judgment on May 7, 2015. Barsyl has filed no objections to Judge Levy's R&R.

## II. Discussion

### A. Standard of Review

I treat the motion to vacate the default judgment as a timely Rule 55(c) motion to set aside the Clerk's April 10, 2012 entry of default.[2] Rule 55(c) permits the court to set aside entry "for good cause." On a Rule 55(c) motion, "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). Even under this liberal standard, Barsyl's motion fails.

### B. Barsyl's Motion to Set Aside Entry of Default.

To determine if there is good cause to set aside an entry of default, the court examines (1) whether the default was willful; (2) whether the defaulting party has a meritorious defense; and (3) the level of prejudice that the non-defaulting party will suffer if an entry of default is set aside. *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 455 (2d Cir. 2011).

Barsyl argues that there is good cause to set aside its default, which occurred only because its store manager Omar Rodriguez confused this proceeding with a dispute (the "NLRB Action"), between the Trustees' union ("Local 338") and Barsyl, that was adjudicated by the

---

[2] Barsyl styles this as a Rule 60(b)(6) motion, under which the court may vacate a default judgment within a reasonable time for reasons not enumerated in Rule 60(b)(1)-(5). Its notice of motion also states it is moving under Rule 12(b)(5), which governs motions to dismiss for insufficient service of process. The Trustees argue that Barsyl must move under Rule 60(b)(1), and that therefore their motion is untimely; that Rule allows the court to vacate a default judgment for "mistake, inadvertence, surprise, or excusable neglect," within one year after the entry of the judgment. There is no need to resolve this dispute. This court's July 11, 2012 grant of default judgment is not a *final* judgment governed by Rule 60(b). Although, as described above, I signed a default judgment on July 11, 2012, and that judgment was filed on ECF, no final judgment was entered by the Clerk. *See DCH Auto Grp. (USA), Inc. v. Fit You Best Auto., Inc.*, 2007 WL 2693848, at *5 (E.D.N.Y. Sept. 12, 2007); *see also LaBarbera v. MMK Trucking, Inc.*, 2008 WL 508630, at *1 n.2 (E.D.N.Y. Feb. 25, 2008).

National Labor Relations Board ("NLRB") and the Court of Appeals for the Second Circuit. It further argues that Rodriguez could not properly receive service of process for Barsyl, and therefore this court lacks personal jurisdiction over Barsyl.

### 1. Willful Default

Barsyl suggests its default was not willful because its general manager, Omar Rodriguez, confused this action with the NRLB Action and determined that the allegations in the Complaint were being resolved through the NLRB Action.

Courts in the Second Circuit have on occasion excused a default resulting from a good faith mix-up between two matters. *See, e.g. Hanover Ins. Co. v. Hopwood*, 2011 WL 3296081, at *2 (S.D.N.Y. May 26, 2011); *Salmassi e. Kfr. v. Euro-Am. Container Line Ltd.*, 2010 WL 2194827, at *7 (S.D.N.Y. June 1, 2010); *Moore v. Caledonia Cent. Supervisory Union*, 2012 WL 4815529, at *2 (D. Vt. Oct. 10, 2012). However, Barsyl's failure to respond was not the result of innocent confusion, as a review of the proceedings in the NLRB Action makes clear. Even if I assume that a lay reader might confuse the Complaint in this matter with a filing in the NLRB matter (although the claims, plaintiffs, and the relief requested differ), the Complaint in this case was filed before the NLRB Action began.

The NLRB Action began *at the earliest* in April of 2012, when Barsyl failed to provide Local 338's attorney with requested information about bargaining unit members. *See* Decl. of Richard Almonte, Exs. B, C, Dkt. No. 33 (May 7, 2015). Local 338 made a further request in August of 2012, and Barsyl again failed to provide information. *See* Decl. of Jae W. Chun, Ex. 1, Dkt. No. 38 (May 22, 2015). Local 338 filed a charge with the NLRB on September 6, 2012, and, based on that charge, on November 29, 2012, the Acting General Counsel of the NLRB filed a complaint against Barsyl. *Id.* When Barsyl did not respond or appear, the Acting General

4

Counsel filed a motion for default judgment with the NLRB. *Id.* An NLRB panel granted default judgment on February 13, 2013. *Id.* Subsequently, the Second Circuit entered summary judgment enforcing the NLRB's order. Entry of Summary Judgment, *NLRB v. Barsyl*, 13-1066, Dkt. No. 22 (2d Cir. May 15, 2013). Barsyl did not appear until the NLRB obtained a contempt judgment from the Second Circuit, at which point the matter settled with a consent order on July 16, 2014. Order Granting Motion for Consent Judgment and Contempt Adjudication, *NLRB v. Barsyl*, 13-1066, Dkt. No. 32 (2d Cir. July 16, 2013).

Barsyl simply cannot maintain that in March of 2012, it, or Rodriguez on its behalf, believed the Complaint was related to a separate matter that did not exist at the time. Furthermore, Barsyl defaulted in the NLRB action. Its argument that, with the best of intentions, it confused this litigation with *another* matter in which it defaulted is not supported by the factual circumstances surrounding the two matters.

### 2. Meritorious Defense

In order to show a meritorious defense on a Rule 55(c) motion, a defendant need not establish its defense conclusively, but it must present evidence of facts that, "if proven at trial, would constitute a complete defense," changing the outcome of the suit. *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 56 (E.D.N.Y. 2008); *Springs v. Clement*, 202 F.R.D. 387, 395 (E.D.N.Y. 2001). This evidence should go beyond conclusory denials. *Springs*, 202 F.R.D. at 395.

Barsyl's primary defense is that this court lacks personal jurisdiction because it was not properly served—specifically, that Omar Rodriguez was not a "managing or general agent" or otherwise authorized to receive service. [3] If this were true, it could constitute a "meritorious

---

[3] Only the defense of failed service receives serious treatment from Barsyl. However, the declaration of Richard Almonte also asserts with no elaboration that Judge Levy's calculations hold Barsyl liable for 150% of contributions it *actually* owes and for contributions during time

5

defense," even if Barsyl had actual notice of the Complaint and willfully failed to respond. *See Khan v. Khan*, 360 F. App'x 202, 204 (2d Cir. 2010); *Alpha Omega Tech., Inc. v. PGM - Comercio E Participacoes Ltda.*, 1994 WL 37787, at *1 (S.D.N.Y. Feb. 9, 1994).

Fed. Rule Civ. P. 4(h)(1)(B) and N.Y. C.P.L.R. 311, as incorporated by Rule 4(e), both authorize service upon a corporation through delivery to an officer or to a managing or general agent of that corporation. In determining whether a corporation has been properly served through an agent, a court should consider whether service was made in a manner that, "objectively viewed, is calculated to give the corporation fair notice[.]" *Griffin Indus., Inc. v. Norfolk L.P.*, 2009 WL 3097205, at *3 (S.D.N.Y. Sept. 28, 2009) (*citing Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265, 271 (1980)).

Barsyl does not contest any statements contained in the affidavit of service, and Rodriguez acknowledges that he is the manager of Barsyl and that the Complaint was delivered to him on March 9, 2012. Barsyl is not a large or complex corporation; its business was operating the supermarket that Rodriguez managed. Under these circumstances, service upon Rodriguez, viewed objectively, was calculated to give Barsyl fair notice. *Compare DCH Auto Grp. (USA), Inc. v. Fit You Best Auto., Inc.*, 2007 WL 2693848, at *4 (E.D.N.Y. Sept. 12, 2007) (service on someone who represented himself as an employee of a small business was reasonably calculated to give notice to that business) *with Zen Music, Inc. v. CVS Corp.*, 1998 WL 912102,

---

periods for which contributions were already assessed during a previous audit. This is an inadequate "conclusory denial." Barsyl does not provide any information about the prior audit or the period of time it covered. Furthermore, the calculation at 150 percent comes directly from the relevant trust agreements, which provide that, for hours reported on remittance accounts *without supporting books and accounts*, the auditor shall multiply the contribution rate by 150 percent of the number of hours reported. Barsyl does not allege that it did, in fact, produce books and accounts, or indicate any other facts that would suggest this formula was improperly applied.

6

at *4 (S.D.N.Y. Dec. 30, 1998) (service upon a store manager at one location of a chain pharmacy did not constitute proper service on a corporate parent of the company operating the chain.)

Furthermore, service on Rodriguez was proper because he was held out by Barsyl as a "general or managing agent." *See Gallery Recording Studios, Inc. v. Discrete Tech. Ltd.*, 1997 WL 695569, at *1 (S.D.N.Y. Nov. 6, 1997) (an employee may be treated as a general or managing agent for purposes of service if the corporation has held him or her out to be the general or managing agent). It is not disputed that he engaged in negotiations with Local 338 and its counsel on Barsyl's behalf before service in this case, or that he directly interacted with counsel for both Barsyl and Local 338 and the Trustees regarding multiple disputes. These activities rightly indicated to the Trustees that he was "invested by the corporation with general powers involving the exercise of judgment and discretion," and so just the sort of agent who can properly receive service. *See Lopez*, 1997 WL 695569, at *1.

### 3. Prejudice to Plaintiff

Given that Barsyl's default was willful and that the defendants have not established a meritorious defense, this court need not reach the question of whether the plaintiff would suffer prejudice if relief were denied. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). However, while delay alone does not necessarily constitute prejudice, plaintiffs note in a letter to the court that Barsyl closed its business in July of 2015. Further delay will make it increasingly difficult for plaintiffs to enforce a judgment. *Nat'l Bank of Kuwait, S.A.K. v. Rafidain Bank*, 1994 WL 376037, at *9 (S.D.N.Y. July 19, 1994).

## III. Conclusion

For the reasons set forth above, Barsyl's motion to set aside the entry of default is denied. Barsyl has not filed any objections to the R&R despite being given the opportunity to do so. In order to accept the report and recommendation of a magistrate judge, a district court need only satisfy itself that there is no clear error on the face of the record. *State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013). Upon due consideration, I find no clear error in the R&R of Magistrate Judge Levy, and the court hereby adopts the R&R in its entirety. The Clerk of Court is directed to enter default judgment against the defendant in the amount of $291,486.50 in unpaid contributions; interest in the amount of $293,460.85 plus $143.75 per day from November 22, 2013 through the date of entry of judgment; liquidated damages in the amount of interest due; $13,890.38 in attorney's fees; and $892.66 in costs.

**SO ORDERED.**

/s/ Nina Gershon
───────────────────────
**Nina Gershon**
**United States District Judge**

**Dated: June 22, 2016**
**Brooklyn, New York**